UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
THERESA MANGO,
Individually and on behalf of a class,

                                                     Case No. 17-cv- 6878

                          Plaintiff,

            - against -

P&B CAPITAL GROUP, LLC,

                        Defendant.
------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant P&B Capital Group, LLC. Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692d, 1692e, 1692f, and 1692g.

2.    In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C.A. § 1692(a).

3.    Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors'

1

harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008)

4. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

7. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

8. Plaintiff, Theresa Mango, is an individual resident of the State of New York, residing in the County of Bronx. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

9. Defendant, P&B Capital Group, LLC, is a New York Domestic Limited Liability Company doing business in New York. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## **FACTS**

10. On or about January 27, 2017, Plaintiff was mailed the collection letter attached as <u>Exhibit A</u>. Plaintiff received it in the ordinary course of mail.

11. <u>Exhibit A</u> sought to collect a debt incurred for personal, family or household use and not for business purposes.

12. <u>Exhibit A</u> is, on information and belief, a form letter.

13. <u>Exhibit A</u> fails to state the amount of the debt within the meaning of 15 U.S.C. §1692g(a)(1), by stating in the caption of the letter "***Current*** Balance: $475.91," and in the body of the letter, "***As of the date of this letter,*** you owe $475.91" (emphasis added). In other words, ***as of*** January 27, 2017, plaintiff owes $475.91.

14. This language strongly implies that the Account Balance may change from time to time for interest or fees or some other cost that may be authorized by agreement with the original creditor.

15. In fact, the account balance on this account does not change and will never change - no interest will accrue and no charges or fees will ever accrue. The reference to "current balance" and "as of the date of this letter" only serve to confuse the Plaintiff as to whether interest, charges, or fees will accrue in the future.

16. While many debt collection letters state a "current balance" or "amount owed" in the caption or even the body of the letter, they do not go out of their way to state that the amount owed is as of a specific date because that would imply the potential of a different balance on a different date.

17. Defendant has admitted that it is not adding interest or late fees to the Account Balance and therefore, the Account Balance will not increase in the future.

18. If Defendant had intended to add interest, charges or fees, then it is bound to disclose that the balance may increase due to interest and fees. See *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, (2d Cir. 1016).

19. Because Defendant does not intend on adding interest, charges, or fees, the language "*current balance*" and "*as of the date of this letter*" is misleading and confusing because it implies that the Account Balance may be different on a different date. *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004) when in fact, it will never be.

20. Defendant's statement is materially false and misleading in that it can be interpreted in a number of ways, one of which is incorrect.

21. The collection letter caused Plaintiff uncertainty and forced Plaintiff to guess how much money is allegedly owed Defendant, how much additional money would be owed if the amount demanded is paid and when Defendant's collection efforts would actually stop if the entire payment demanded was remitted.

22. Plaintiff was misled and confused by Exhibit A.

23. The collection letter causes the least sophisticated consumer uncertainty and forces him or her to guess how much money is allegedly owed, how much money would accrue daily, how much money would be owed of the amount initially demanded was paid and if or when collection efforts would end if the entire payment demanded was remitted.

24. The sole purpose of the Defendant's statement, that the account balance reflected in Exhibit A, is the "**current balance**" and "***as of the date of this letter***..." was to coerce the Plaintiff into paying immediately. (Emphasis added).

25. Defendant's materially false statements caused Plaintiff confusion about the exact amount of money allegedly owed.

4

26. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

## VIOLATIONS ALLEGED

## COUNT I – VIOLATION OF THE FDCPA (failing to state amount of claim)

27. Plaintiff hereby incorporates Paragraphs 1-26.

28. Exhibit A violates 15 U.S.C. §§1692e, 1692e(3), 1692e(5), 1692e(10), 1692g, and 1692g(a)(1) by failing to state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

29. Specifically, Exhibit A violates 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10), 1692g, and 1692g(a)(1), by stating that the account balance reflected on the top of the letter is the "*current balance*" and is "*as of the date of this letter…,*" implying that the Account Balance could increase (i.e. by way of additional interest or late fees), when in fact it cannot.

30. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

31. Section 1692e provides:

**§1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .**

Section 1692g:

**1692g(a)(1)    The amount of the debt.**

5

32. As a result of defendant's violation of the FDCPA, plaintiff and the class has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

## CLASS ALLEGATIONS

33. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

34. The class consists of (a) all natural persons (b) who were sent a letter seeking to collect a debt (c) in the form of Exhibit A which includes the language "current balance" and/or "As of the date of this letter" (d) where the "Account Balance" will remain static (e) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

35. The class is so numerous that joinder is impracticable.

36. On information and belief, there are more than 50 natural persons who were sent a letter similar to Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

37. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. whether Exhibit A states the amount of the debt which is due and owing;

    b. Whether Exhibit A overshadowed the thirty-day validation notice by claiming that payment of the amount stated in the collection letter may not function as satisfaction of the purported debt; and

    c. Whether the letter violates the FDCPA.

38. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

40. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a) Statutory damages;

b) Attorney's fees, litigation expenses and costs of suit;

c) Declaratory relief finding the collection letter violates the FDCPA; and

d) For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
September 11, 2017

SHAKED LAW GOUP, P.C.
Attorneys for Plaintiff

By: _____
Dan Shaked (DS-3331)
44 Court St., Suite 1217
Brooklyn, NY 11201
Tel. (917) 373-9128
Fax (718) 704-7555
e-mail: ShakedLawGroup@Gmail.com